**UNITED STATES of America**

v.

**Willie BELL.**

**Crim. No. 2128–70.**

United States District Court, District of Columbia.

April 19, 1972.

———————◆———————

Belford V. Lawson, Jr., Durward Taylor, Washington, D. C., for defendant Bell.

Herbert Hoffman, Asst. U. S. Atty., Washington, D. C., for the United States.

## MEMORANDUM OPINION AND ORDER

GESELL, *District Judge.*

Defendant was tried and found guilty by a jury on three counts of violations of narcotics laws. This matter is now before the Court on defendant's motion to dismiss two counts of the indictment because the Government failed to produce or identify an informant who was mentioned by its rebuttal witness at the trial. The motion was made at the close of the evidence and taken under advisement by the Court. Both the prosecution and the defendant have submitted briefs, and the Court heard oral argument.

For its case in chief, the Government presented six police officers who recounted the details of a well-planned police raid on a Maine Avenue pier where defendant was caught with packages in his hand which he then threw over his shoulder into the water. Other police officers in a boat immediately retrieved the packages which were later found to contain a large quantity of highly concentrated heroin. On cross-examination, defendant denied that he had had heroin

in his possession and stated that in fact he had never seen narcotics except on television. For rebuttal, the Government called a Detective Miller who testified that he knew defendant's denial of ever having seen narcotics was false because a few days before the alleged offense the detective had set up, monitored, and observed from beginning to end a narcotics sale by the defendant to a police informant. On cross-examination, defense counsel asked Detective Miller to name the informant. The Government's objection to this question was overruled and Detective Miller gave the nickname of the informant, which he stated was all he could remember at the time. This occurred on a Friday afternoon. The Court ordered the name of the informant be disclosed the following Monday. After the week-end the Government refused to name the informant and the Court then allowed the trial to proceed, reserving ruling on the defendant's motion to dismiss until the trial's conclusion. A verdict of guilty was returned. After the close of the trial, the Government filed an affidavit demonstrating the continuing usefulness of the informant in other on-going investigations.

The defense argues that the rebuttal testimony of Detective Miller went to a crucial question in the case, the credibility of the defendant, and was especially devastating because it disclosed evidence of a similar crime near in time to the alleged offense. The only way to attack this crucial testimony, the defense asserts, was to place the informant on the stand. Of course, the defense was unable to show even a possibility that the informant would be helpful to the defense; but without access to the informant, the defense argues, it was unable to contest the officer's statement. The police officer was, however, available for cross-examination on all the facts of the incident and the defendant did not even take the stand on surrebuttal to deny the sale.

The Government argues that recent decisions preclude the defense from forcing disclosure of the informant's identity, Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964); United States v. Skeens, 145 U.S.App.D.C. 404, 449 F.2d 1066 (1971).

The informant was neither a participant in nor a witness to the crime charged. United States v. Skeens, *supra*. In addition, the transaction in which the informant was involved only came out on rebuttal after having been opened up by defendant's own ill-advised remarks, and was cumulative of other similar evidence presented by police witnesses during the Government's case in chief which linked defendant to other narcotic-like transactions on other dates. The informant only served a mechanical function of taking the money from the police, within their view purchasing the narcotics from the defendant, and bringing the narcotics to the police.

Accordingly, considering the array of factors outlined above and the overwhelming nature of the proof, the Court has concluded that the motion to dismiss should be denied and the jury verdict shall stand. Even if this Circuit should apply the standard proposed by the Committee on Rules of Practice and Procedure of the Judicial Conference,* the result would be the same. So ordered.

* "If an election is made not to disclose the identity of an informer and the circumstances indicate a reasonable probability that the informer can give testimony : . . . necessary to a fair determination of a material issue in the case, the judge shall . . . . dismiss the proceedings . . . ." Rule 510(c) (2) of the Proposed Rules of Evidence, drafted by the Committe on Rules of Practice and Procedure of the Judicial Conference of the United States, reprinted in 51 F.R.D. 378.